# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cedric Fitzgerald Lowden, #293843, | C/A No. 2:08-1973 DCN |
| Plaintiff, | |
| vs. | **ORDER** |
| Robert Engram, Jr., a/k/a Roger Ingram, Jr, SCDC Badge #037131, and Jon Ozmint, SCDC Director, | |
| Defendants. | |

The above referenced case is before this court upon the magistrate judge's recommendation that the action against defendant Ozmint be dismissed in its entirety and that the action against defendant Ingram in his official capacity be dismissed, in addition to denying defendant Ingram's motion for summary judgment in his individual capacity. Subsequent to the magistrate judge's report and recommendation, plaintiff filed a motion for criminal charge and a motion to strike defendants' affidavit.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report

pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984 ).[1] Defendants filed an affidavit together with their Partial Objection to the Report and Recommendation on April 27, 2009. This affidavit is no more than an attempt at a "do over" after the Magistrate Judge denied defendants' motion for summary judgment based on the fact that a previous affidavit signed by the same witness failed to deny the plaintiff's allegation that defendant Ingram "knew of a specific risk of harm to the plaintiff". Report and Recommendation at page 10.

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation is **AFFIRMED,** and the action against defendant Ozmint in its entirety and against defendant Ingram in his official capacity is hereby **DISMISSED**.

IT IS FURTHER ORDERED that defendant Ingram's motion for summary judgment in his individual capacity is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's motion for criminal charges is **DENIED**, and his motion to strike defendants' affidavit is **GRANTED**.

---

[1]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

**AND IT IS SO ORDERED.**

_____
David C. Norton
Chief United States District Judge

Charleston, South Carolina
August 28, 2009

***NOTICE OF RIGHT TO APPEAL***
    The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure